# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BETTY J. COLEMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1126** (BOR Appeal No. 2047192)
                          (Claim No. 2012023138)

**METRO EMERGENCY OPERATIONS**
**CENTER OF KANAWHA COUNTY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Betty J. Coleman, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Metro Emergency Operations Center of Kanawha County, by James W. Heslep and Gary W. Nickerson, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 30, 2012, in which the Board affirmed a May 3, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 23, 2012, decision denying Ms. Coleman's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Coleman worked as a dispatcher for Metro Emergency Operations Center of Kanawha County. On January 17, 2012, she was in a motor vehicle accident on her way back to work from lunch when she hit a few rocks along the road and then hit a fence at her office. The claims administrator denied Ms. Coleman's application for workers' compensation benefits and

1

held the injury was not due to an injury or disease received in the course of and resulting from employment.

The Office of Judges affirmed the claims administrator's decision and held that Ms. Coleman was not injured in the course of or as a result of her employment on January 17, 2012. On appeal, Ms. Coleman disagrees and asserts that the Office of Judges erred in finding the injury occurred on property not belonging to Metro Emergency Operations Center of Kanawha County since there was no evidence presented to the contrary. Ms. Coleman further asserts that Metro Emergency Operations Center of Kanawha County previously agreed the accident happened on its property and no reason exists to question the compensability of the claim. Metro Emergency Operations Center of Kanawha County maintains that Ms. Coleman failed to establish that she was within the zone of her employment at the time of the subject motor vehicle accident.

The Office of Judges determined that the first issue was whether the accident occurred on Metro Emergency Operations Center of Kanawha County's premises. Even though Metro Emergency Operations Center of Kanawha County's report of injury stated that the motor vehicle accident occurred on its property, the reports of Lesli E. Farris, D.O., and Douglas M. Bennett, D.O., stated that Ms. Coleman had not actually entered Metro Emergency Operations Center of Kanawha County's premises when the accident occurred. Ms. Coleman even stated that the accident occurred on a public road near the entrance of her place of employment. The Office of Judges concluded that the evidence showed Ms. Coleman was injured on public property and not at her place of employment.

The Office of Judges determined that the second issue was whether Ms. Coleman's injury was within the zone of her employment based on the nature of her mission. The Office of Judges found the facts in this case are most similar to the facts in *Williby v. West Virginia Office of Insurance Commissioner*, 224 W. Va. 358, 686 S.E.2d. 9 (2009). In *Williby*, this Court held that if an employee is injured while coming and going from work and not within the zone of their employment, the claim is not compensable. The claimant, in *Williby*, was returning to her place of work from a paid break when she fell in a public street, and the injury was determined to be not within her zone of employment. In this case, Ms. Coleman indicated in her statement that she was returning to work after running personal errands to the bank, the post office, and lunch. The Office of Judges concluded that Ms. Coleman was clearly not furthering Metro Emergency Operations Center of Kanawha County's interest at the time of the injury. Therefore, the Office of Judges concluded that Ms. Coleman was not injured in the course of and as the result of her employment on January 17, 2012. The Board of Review reached the same reasoned conclusions in its decision of August 30, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II